UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BERNARD KIRK BARNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV0003 SNLJ |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Bernard Kirk Barnes for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Complaint

Plaintiff, a former inmate at Dunklin County Justice Center,[1] brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his recent incarceration. He claims that Dunklin County Sheriff, Bob Holder, violated his rights when he was incarcerated at the Justice Center in November of 2011.

He first asserts that when he was incarcerated at the Justice Center, the Jail Administrator, Nicole Green, supervised jail staff who provided him with sheets, socks, t-shirts and other undergarments that had holes in them.

Plaintiff additionally claims that he was placed in general population with all the other inmates prior to all inmates being skin-tested for tuberculosis. He believes this is in violation of his civil rights as he could have been exposed to someone who might have had TB.

---

[1] Plaintiff is no longer incarcerated at Dunklin County Justice Center.

Plaintiff also asserts that inmates are not provided with phone calls on a "secure line," and he claims that inmates are denied "meaningful access to the courts" because the law library does not provide adequate facilities. Plaintiff further claims there is a lack of physical recreation at the Justice Center, although he fails to explain what he refers to by this conclusory statement.

Plaintiff asserts that on December 4, 2013, he was placed in a "Drunk Tank" by defendant Green for an alleged disciplinary infraction. He claims that his bedding was removed, he was denied recreation, and he was in "subfreezing temperatures," with the lights remaining on for 24 straight hours. Plaintiff asserts that he was denied his due process rights with regard to this disciplinary occurrence, and that he remained in the "Drunk Tank" for thirty-eight (38) hours.

Plaintiff seeks monetary and injunctive relief in this action.

**Discussion**

Plaintiff has only made one specific allegation against defendant Green in his complaint – his allegation that he was denied due process with respect to being placed in the Drunk Tank in December of 2013. The other allegations in the complaint against defendants are brought against defendants Green and Holder in their supervisory capacities only. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Because plaintiff has not set forth any facts indicating that defendants Green or Holder were directly involved in or personally responsible for the alleged violations of his constitutional rights, except for the one allegation contained in the complaint mentioned above,

all of plaintiff's remaining allegations contained in the complaint are subject to dismissal. See 28 U.S.C. § 1915(e)(2)(B).

Even if plaintiff's allegations weren't subject to dismissal for the aforementioned reason, his complaint would be subject to dismissal for the following reason. The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). In this case, plaintiff states in a conclusory manner that he believes that a multitude of "policies and customs" are responsible for the alleged violations he believes occurred against him; however all of the allegations plaintiff has made sound as individual arguments and not as policy or custom allegations.[2] As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Holder or Green.

Even if plaintiff had alleged that defendants acted in their individual capacities, his assertions of unlawful conduct still wouldn't rise to the level of constitutional violations.

---

[2] The 8th Circuit has declared that a "policy" and a "custom" are not synonymous. A "policy" is an official policy, a deliberate choice of a guiding principal or procedure made by the municipal official who has final authority regarding such matters. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization. *Mettler v Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff's conclusory allegations of alleged unconstitutional conduct sound in neither "policy" nor "custom" but rather deal with individual allegations that occurred to him at the Dunklin County Justice Center.

Plaintiff's assertions of cruel and unusual punishment regarding the conditions of his confinement, relating to the holes in his prison clothing and bedding simply do not state a claim for relief. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Holes in clothing or bedding do not state show either an excessive risk to health or safety or a denial of a civilized measure of life's necessities.

Similarly, plaintiff's claim that he, along with other inmates, were released to general population prior to being skin-tested for TB does not state a claim for deliberate indifference under the Eighth Amendment. Plaintiff does not allege that he was placed in a cell with someone who had tested positive for TB and that he was then exposed to TB as a result of such treatment. Thus, he has not alleged that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *see also, DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1993) (holding that a continued failure by prison officials to institute system to prevent the spread of tuberculosis violated the Eighth Amendment). Plaintiff does not state that Dunklin County Justice Center has no system in place to prevent the spread of TB, and he does not assert that he was harmed by a lack of a system or by the system that is currently in place. Rather, he simply states that he was released to general population prior to receiving one particular test for TB. These allegations simply do not state a constitutional violation as written.

Plaintiff's assertions that he was denied phone calls on a "secure line," also do not state a claim for a constitutional violation. The monitoring of inmates' telephone communications does not offend the Fourth Amendment because inmates have no reasonable expectation of privacy in

such calls so long as an inmate is provided notice that communications will be recorded and the inmate is aware of the monitoring program but nevertheless uses the telephones. *See*, *e.g., U.S. v. Balon*, 384 F.3d 38 (2d Cir. 2004). Implied consent will be found where automated warnings inform the inmate that the prison records and monitors telephone conversations, or the inmate has been given an inmates' handbook that states that calls will be monitored, and there are signs above the phones in the prison informing inmates of that fact. *See, e.g., Balon*, 384 F.3d at 38; *U.S. v. Morin*, 437 F.3d 777 (8th Cir. 2006).

Plaintiff's claims relating to the law library at Dunklin County Justice Center also fail to state a claim for relief. "To state a claim that a law library or legal assistance program violates [a right of access to the courts,] inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not claimed that he suffered such an injury. Accordingly, he has not stated an access to courts claim.

Last, plaintiff's allegations that he was denied due process with regard to his time in the "Drunk Tank" in December of 2013 also fail to state a claim for relief. In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." *Id.* (citing *Kennedy v. Bankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Id.* Plaintiff's assertions relate to how cold it was in his cell for thirty-eight (38) hours, how the light in his cell remained

on for 24 hours straight, he did not receive recreation, and how his bedding was removed during his time in the isolation cell simply do not rise to the level of a constitutionally protected liberty interest. *See, e.g., Benson v. Godinez*, 919 F.Supp. 285 (N.D. Ill. 1996) (Inmate failed to establish triable claim of Eighth Amendment violation in action arising from his confinement in cold segregation cell, where inmate could regulate temperature somewhat with blankets and extra clothing and most serious consequences alleged were sore throat and colds.); *Gregory v. Wyse*, 512 F.2d 378 (10th Cir. 1975) (Inmates who escaped from custody and voluntarily returned to penitentiary were not subjected to cruel and unusual punishment by reason of solitary confinement where inmates were confined for about one week in six foot square cell 24 hours per day, provided only two meals per day, provided one shower per week, forced to sleep on cement slab with no bedding, deprived of all privileges normally afforded prison population including cigarettes, and where light in cell remained on 24 hours per day); *Leslie v. Doyle*, 868 F. Supp. 1039 (N.D.Ill. 1994) (Intermittent restrictions on exercise privileges are not actionable as cruel and unusual punishment unless restrictions are so severe as to induce physical deterioration in nature of atrophy); *Stewart v. Crawford*, 452 Fed. Appx. 693 (8th Cir. 2011) (Prisoner did not show he was denied adequate exercise in administrative segregation, in violation of the Eighth Amendment, where he was allowed out of his cell for three hours of exercise per week, as well as for showers, and his cell was large enough to allow him the opportunity to exercise in his cell.)

In light of the aforementioned, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of April, 2014.

                                               /s/ Stephen N. Limbaugh, Jr.
                                               STEPHEN N. LIMBAUGH, JR.
                                               UNITED STATES DISTRICT JUDGE